UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SANDRA HART,

                    Plaintiff,

    -against-

AFFINITA SECURITY GROUP; LOUIS
SCALDINI; BONFILIO CORTEZ,

                    Defendants.

------------------------------------------------------------x

Not for Publication

**MEMORANDUM AND ORDER**
14-CV-824 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Sandra Hart ("Hart") brings the instant *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § § 2000e - 2000e-17 ("Title VII"). Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons stated below, Hart is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

**STANDARD OF REVIEW**

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, courts must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A

1

complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 678 (citations omitted). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. Boykin v. KeyCorp, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

## BACKGROUND

Hart submits an employment discrimination form complaint in which she makes claims of unequal terms of employment, failure to promote, termination of employment and retaliation. (Compl. at 3.) Hart checks off the gender/sex and color boxes on the form complaint to indicate the basis of the discrimination alleged. However, her complaint is devoid of any factual allegations regarding her claims of discrimination based on gender/sex or color.

## DISCUSSION

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Iqbal, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the

2

plaintiff is complaining about and to know whether there is a legal basis for recovery. See Bell Atlantic Corp., 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting Conley, 355 U.S. at 47)); Ricciuti v. New York City Transit Auth, 941 F.2d 119, 123 (2d Cir. 1991) ("[Rule 8] is designed to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery[.]").

Although Hart seeks to bring a Title VII claim, she fails to plead sufficient factual allegations to support a claim for relief. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). See also Brown v. City of Syracuse, 673 F.3d 141, 150 (2d Cir. 2012); Joseph v. N. Shore Univ. Hosp., No. 08 CV 3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

Even under the most liberal construction of Hart's allegations, she provides no facts that could possibly connect any adverse employment action to a protected status. See Ruston v. Town Bd. of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); see also Arista Records, LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

3

Furthermore, plaintiff's claims against Louis Scaldini and Bonfilio Cortez must be dismissed as there is no individual liability under Title VII of the Civil Rights Act of 1964. Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000); Tomka v. Seiler Corp., 66 F.3d 1295, 1313-1317 (2d Cir. 1995).

## CONCLUSION

Accordingly, the complaint is dismissed as to defendants Louis Scaldini and Bonfilio Cortez. 28 U.S.C. § 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, she is granted thirty (30) days leave to file an amended complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that her employer discriminated against her in violation of Title VII. If available, Hart should attach a copy of the charge of discrimination she filed with the EEOC or New York State Division of Human Rights.

Hart is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Order. All further proceedings shall be stayed for thirty (30) days. The Clerk of Court is directed to forward an employment discrimination form complaint to plaintiff with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
PAMELA K. CHEN
United States District Judge

Dated: Brooklyn, New York
February 13, 2014